NOTE: CHANGES MADE BY THE COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN VALKNER, LUANNE VALKNER, individuals residing in Michigan,<br><br>    Plaintiffs,<br><br>vs.<br><br>INTEGRATED MEDICAL SYSTEMS, INC., d/b/a IMSI, a California corporation,<br><br>    Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. CV08-8351 ODW (PLAx)<br><br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER** |

The Court, having considered the parties' Stipulated Protective Order, hereby:

**ORDERS** that the Stipulated Protective Order filed on October 5, 2009 is hereby entered.

Dated:   October 6, 2009

_/s/ Paul L. Abrams_
Paul L. Abrams
United States Magistrate Judge

S:\Client Documents\IMSOO\044L\Proposed.Order.Stipulated.Protective.Order.doc

```
 1  Bruce B. Brunda (SBN 108,898)
 2  Stephen Z. Vegh (SBN 174,731)
    STETINA BRUNDA GARRED & BRUCKER
 3  75 Enterprise, Suite 250
    Aliso Viejo, CA 92656
 4  Email: litigate@stetinalaw.com
 5  Tel: (949) 855-1246
    Fax: (949) 855-6371
 6
 7  Attorneys for Defendant and Counterclaimant
    INTEGRATED MEDICAL SYSTEMS,
 8  INC.
```

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN VALKNER, LUANNE VALKNER, individuals residing in Michigan,<br><br>Plaintiffs,<br><br>vs.<br><br>INTEGRATED MEDICAL SYSTEMS, INC., d/b/a IMSI, a California corporation,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. CV08-8351 ODW (PLAx)<br><br>**STIPULATED PROTECTIVE ORDER** |

WHEREAS, in the course of conducting discovery of each other's claims and defenses in this action, the parties have requested of each other the production of discovery material which the parties contend sets forth or contains trade secrets or confidential information entitled to protection as defined in Paragraphs 1, 2 and 3 below. Accordingly, the parties seek to designate such information as "Confidential

1  Discovery Material" pursuant to this Order. Upon such basis, the parties further
2  believe that "good cause" exists for the entry of this Order.
3      IT IS HEREBY STIPULATED AND AGREED, by and among plaintiffs and
4  counter-defendants Melvin Valkner and Luanne Valkner ("Plaintiffs") and defendant
5  and counterclaimant Integrated Medical Systems, Inc. ("Defendant") herein, and their
6  respective undersigned counsel, as follows:
7      1.    Any confidential information produced by any party or non-party as part
8  of the discovery in this action may be designated by the producing party(ies) as
9  "Confidential" or "Confidential-Attorneys' Eyes Only" (collectively, "Confidential
10 Discovery Material") for good cause. As a general guideline, any information or
11 document which is publicly available cannot be designated as "Confidential" or
12 "Confidential-Attorneys' Eyes Only." A document or information may be designated
13 "Confidential" or "Confidential-Attorneys' Eyes Only" only when it has not been
14 disclosed to any third party (except pursuant to a non-disclosure agreement, or other
15 legal obligation not to disclose, or when the documents contain or information is non-
16 public information that may be reviewed by certain named persons of the receiving
17 party but must be protected against disclosure to third parties).
18     2.    Information or documents may be designated "Confidential-Attorneys'
19 Eyes Only" when it contains, including but not limited to, technical trade secrets as
20 defined by California Civil Code §3426.1, confidential non-public vendor and
21 customer lists, customer profiles, sales, profits, costs, the identity of potential
22 customers, their profiles, marketing surveys, marketing plans, marketing strategies,
23 pricing strategies, licensees, non-public financial projections and other information of
24 a confidential, proprietary, private, or personal nature. The unrestricted disclosure of
25 such information would prejudice the producing person or entity and put them at a
26 competitive disadvantage if the information became known to the receiving party or
27 other third party, or would be information of a private or personal nature.
28

3. Information or documents may be designated "Confidential" when it contains or reflects confidential business information, including but not limited to information, which the disclosing party or non-party believes in good faith contains, constitutes or reveals confidential design, engineering or development information, confidential commercial information, non-public financial information, confidential or private information about current or former employees, contractor or vendors (including employee, contractor and vendor personnel records), confidential, private, personal, or financial information of customers, or other information of a confidential, proprietary, private or personal nature.

4. Confidential Discovery Material shall be used solely for the prosecution or defense of this action. Such information may not be disclosed to anyone except as provided by in this Order. During both the pendency of and subsequent to the termination of this action, Confidential Discovery Material shall not be used for any other purpose. Control and distribution of all discovery material shall be the responsibility of attorneys of record herein, and shall be solely in accordance with the provisions of this Order. Any copying of Confidential Discovery Material shall be strictly limited to the absolute minimum amount of copies necessary to effectuate the litigation of this matter.

5. Confidential or Confidential-Attorneys' Eyes Only treatment may be claimed for confidential non-public information disclosed to any party herein, as set forth in Paragraphs 1, 2 and 3 above, contained in any discovery material where the party claiming such treatment determines in good faith that public disclosure of such information beyond the limitations contained herein would damage its commercial or proprietary interests or those of third parties whom it has an interest in protecting or with whom it has agreed to preserve confidentiality. Confidential or Confidential-Attorneys' Eyes Only treatment may not be claimed for any information or materials previously known to the parties or available and made known to the parties through

legitimate alternative means (i.e., through sources other than discovery of the other party).

6. Any party or non-party wishing to come within the provisions of this Order may designate in writing the documents (as defined in Fed. R. Civ. P. 34 and Fed. R. Evid. 1001) or portions thereof that it considers confidential at the time the documents are produced. Each page of the document must be marked "Confidential" or "Confidential-Attorneys' Eyes Only" by the producing party, and any confidential documents exchanged prior to this Order being entered by the Court shall, within a reasonable time hereafter, be so marked on each such page, if such markings do not include every such page. It is the intent of the parties that each document previously designated as "Confidential" and "Confidential-Attorneys' Eyes Only" and transmitted to the respective other party, including any such documents and information exchanged for settlement purposes, are to be covered by this Order. "Confidential" and "Confidential-Attorneys' Eyes Only" documents or things that cannot be reasonably labeled pursuant to this paragraph shall be so designated by the producing party by informing the receiving party in writing.

7. (a) For good cause, a party may designate as Confidential Discovery Material that specific portion of any deposition testimony in these proceedings that the party contends contains Confidential Discovery Material by (i) notifying counsel for the parties in writing of those pages or portion of pages of the transcript which are to be stamped and treated as Confidential Discovery Material, such notice to be given no later than fifteen (15) days after actual receipt of the transcript of the deposition by such notifying party's counsel; or (ii) designating the material as Confidential Discovery Material on the record. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), the entire deposition shall be treated as if it were CONFIDENTIAL-ATTORNEYS' EYES ONLY material.

(b) For good cause, any discovery material produced by a non-party to the litigation may be designated as Confidential Discovery Material by the non-party pursuant hereto.

(c) During the deposition, parties shall be excluded from testimony designated "Confidential-Attorneys' Eyes Only."

(d) For depositions with some confidential and some non-confidential documents or testimony, a separate confidential transcript, apart from the usual transcript, shall be prepared by the court reporter. Counsel for the party asserting that certain documents or testimony is confidential shall use their best efforts to characterize the level of confidentiality for the confidential material or testimony during the deposition.

8. Except as otherwise provided herein, Confidential Discovery Material designated as "CONFIDENTIAL" may be inspected, examined or read by, and disclosed, described or summarized, on a need-to-know basis, to parties and officers, directors, in-house counsel, and personal counsel of the parties, independent experts and their employees requested or retained to provide technical or analytical advice in connection with the present litigation; stenographic reporters engaged in deposition proceedings; and the court, persons employed or designated by the court, and the jury (if applicable) may also inspect, examine, or review "CONFIDENTIAL" discovery material, as needed.

9. Except as otherwise provided herein, Confidential Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be inspected, examined or read by, and disclosed, described or summarized to, only the following persons:

(a) Outside counsel of record for the parties in this litigation, their partners, associates, paralegals and other law office employees, other lawyers specifically retained by outside counsel in connection with the litigation and members of said counsels' clerical and secretarial staff who are working on this case under the

direction of such counsel to whom it is necessary that the material be shown for purposes of this case, independent experts and their employees requested or retained to provide technical or analytical advice in connection with the present litigation. For purposes of this Order, attorneys from the law firm of Goldsteing, Faucett & Prebeg shall be considered to be Outside Counsel of Record for plaintiff.

(b)     Stenographic reporters engaged in deposition proceedings and the court, persons employed or designated by the court, and the jury (if applicable) may also inspect, examine, or review "CONFIDENTIAL –ATTORNEYS' EYES ONLY" discovery material, as needed, without having to execute Exhibit "A" attached hereto.

(c)     Notwithstanding the provisions of this Paragraph 9, the sales, profit and cost figures of each party, and revenue earned by the parties may, on a need to know basis, be verbally communicated by their counsel to two representatives for plaintiff and to two representatives for defendants. However, none of the representatives for the foregoing parties may view or receive copies of any documents designated as CONFIDENTIAL –ATTORNEYS' EYES ONLY pursuant to this Order; nor may they receive copies of or create any documents containing information derived from documents that are so designated.

10.     Before any Confidential Discovery Material may be disclosed or disseminated to any independent expert or other persons described above under Paragraphs 8 or 9(b) hereof, such person must sign a written statement in the form attached hereto as Exhibit "A," reciting that such person has read this Order and promises to comply fully therewith and consents to the jurisdiction of this Court in connection with the enforcement of this Order and their agreement to be bound by its terms. Copies of this attestation shall be retained by counsel directing the disclosure. Stenographic reporters engaged in deposition proceedings and the court, persons employed or designated by the court, and the jury (if applicable) may also inspect, examine, or review CONFIDENTIAL-ATTORNEYS ONLY discovery material, as needed. *This paragraph does not apply to the Court, persons employed or designated by the Court, or the jury.*

11. Written notice of intention to provide information or documents to experts pursuant to Paragraphs 8 and 9, shall be provided by facsimile or email seven days before the intended disclosure and shall specify the identity of the individual(s) to whom the intended disclosure will be made, and that person's occupation and employer. The parties shall not unreasonably object to the disclosure of information and documents to experts pursuant to Paragraphs 8 and 9. If there is a written objection to disclosure to the identified individual(s) within the seven-day period, counsel for the parties shall confer in good faith to try to reach agreement pursuant to the requirements of Central District Local Rule 37-1. If counsel for the parties are unable to settle their differences, the party objecting to disclosure of Confidential Discovery Material to the identified individual(s) shall, pursuant to Central District Local Rule 37-2, provide copies to counsel for the party who seeks disclosure of Confidential Discovery Material of its portion of a joint stipulation setting forth the basis for requesting the Court to issue an order denying the disclosure of Confidential Discovery Material to the identified person(s). In its portion of the joint stipulation, the party seeking disclosure of Confidential Discovery Material must submit a written statement (a) identifying the Confidential Discovery Materials that the party proposes to disclose to such person(s); (b) identifying the name(s), address(es) and business(es) or occupation(s) of the person(s) to whom the proposed disclosure is to be made; and (c) stating the reasons why such Confidential Discovery Materials should be disclosed to such person(s) as well as the importance of such information to the development and substance of the disclosing party's case. However, no disclosure shall be required of attorney work product or the mental impressions, conclusions, opinions or legal theories of any attorney or other representative of the petitioning party concerning the litigation. Should counsel for the parties be unable to resolve their differences, a joint stipulation shall be filed as required by Central District Local Rule 37-2. No disclosure of Confidential Discovery Materials shall take place until the Court has acted upon the petitioning party's request to deny disclosure of

1 Confidential Discovery Materials to the identified individual(s). The parties further
2 agree that an expert whose identity is disclosed pursuant to this paragraph cannot be
3 deposed regarding any subject related to this litigation, unless the expert has been
4 designated as a testifying expert by the retaining party, and then in a manner
5 consistent with the Federal Rules of Civil Procedure governing expert discovery.

6     12. For purposes of this Order, an expert witness shall not be deemed to be
7 "independent" if he is (a) a party to this litigation, or an officer, shareholder, owner,
8 manager, partner, distributor, seller, advertiser, independent contractor, affiliate,
9 director, employee, former employee or contractor, or relative of a party to this
10 litigation, or a party's parent, subsidiary, predecessor-in-interest, successor-in-
11 interest, related entity or affiliate; or (b) an officer, shareholder, owner, manager,
12 partner, distributor, seller, advertiser, independent contractor, affiliate, director,
13 employee, former employee or contractor, or relative of a direct competitor to a party
14 to this litigation, or the competitor's parent, subsidiary, predecessor-in-interest,
15 successor-in-interest, related entity or affiliate.

16     13. In the event a party wishes to make disclosure of Confidential Discovery
17 Material to persons other than those referred to in Paragraphs 8 or 9 above, counsel
18 for the parties shall confer in good faith to try to reach agreement pursuant to the
19 requirements of Central District Local Rule 37-1. If counsel for the parties are unable
20 to settle their differences, the party seeking disclosure of Confidential Discovery
21 Material shall, pursuant to Central District Local Rule 37-2, provide copies to counsel
22 for the producing party, or party who claims confidentiality, as well as all other
23 counsel, of its portion of a joint stipulation setting forth the basis for requesting the
24 Court to issue an order permitting the petitioning party's proposed disclosure. In its
25 portion of the joint stipulation, the petitioning party must submit a written statement
26 (a) affirming that, after such Confidential Discovery Material has been reviewed by
27 persons referred to in Paragraphs 8 or 9, the petitioning party nevertheless has
28 reasonable need for the technical and analytical assistance of a person or persons

other than those persons referred to in Paragraphs 8 or 9; (b) identifying the Confidential Discovery Materials that the petitioning party proposes to disclose to such person or persons; (c) identifying the name and address and business or occupation of the person or persons to whom the proposed disclosure is to be made; and (d) stating the reasons why such Confidential Discovery Materials should be disclosed to such persons as well as the importance of such information to the development and substance of the petitioning party's case. However, no disclosure shall be required of attorney work product or the mental impressions, conclusions, opinions or legal theories of any attorney or other representative of the petitioning party concerning the litigation. Pursuant to Central District Local Rule 37-2.2, counsel for the producing party, the party who claims confidentiality, or any other party, shall set forth in its portion of the joint stipulation the basis for its objection to the disclosure of Confidential Discovery Material. If the proposed disclosure is to be made to a witness at a deposition or court hearing, the party requesting the disclosure may make the request orally on the record immediately prior to the proposed disclosure, assuming counsel for all parties and the producing party are present. Any objections will be made promptly on the record. Should counsel for the parties be unable to resolve their differences, a joint stipulation shall be filed as required by Central District Local Rule 37-2. No disclosure of Confidential Discovery Materials shall take place until the Court has acted upon the petitioning party's request for disclosure of Confidential Discovery Materials. It shall be the burden of the party that makes the designation to demonstrate that the material or information at issue was properly designated. It shall be the burden of the party seeking the disclosure to persons other than those designated in this Order to show that such disclosure is necessary.

14.  In accordance with Central District Local Rule 79-5.1, in the event that any party files any papers with the Court containing "Confidential Discovery Material," such filing shall be accompanied by an application requesting the judge to

whom the papers are directed that such papers and/or specifically identified portions thereof containing "Confidential Discovery Material" (to the extent such portion is segregable) be filed under seal. Furthermore, any such document or evidence so presented to the Court shall be placed in a sealed envelope or other appropriate sealed container marked on the outside with the title of the instant action, and a statement substantially in following form:

CONFIDENTIAL

This envelope contains documents or information that are subject to a protective order or agreement. The confidentiality of the material is to be maintained and the envelope is not to be opened, or the contents revealed to any individual.

Any other party shall be permitted to file a supporting or supplemental brief within four business days of the initial motion for filing under seal being filed.

15. In the event that the case proceeds to trial, the parties shall take the necessary steps to maintain the confidentiality of the information or documents that were designated as "Confidential Discovery Material" pursuant to the terms of this Order.

16. In the event that a party is served with a subpoena by any person, firm, corporation, or other entity that is not a party to this action, is not a signatory to this Order or otherwise is not bound by this Order, that seeks to compel production of "Confidential" or "Confidential Attorneys' Eyes Only" information or documents, the party upon whom the subpoena is served shall give written notice of the subpoena to the party that has asserted that the information or documents subject to the subpoena are "Confidential" or "Confidential Attorneys' Eyes Only." The written notice required by this paragraph shall be given no later than seven days after receipt of the subpoena, or before the production date set forth in the subpoena, whichever is earlier. The party who designated the subject information or documents as "Confidential" or "Confidential Attorneys' Eyes Only" shall have the responsibility

to obtain an order from the Court quashing the subpoena, a protective order, and/or such other relief as will protect the confidential nature of the subject information or documents. If such a motion is filed before the requested production date, the party upon whom the subpoena, discovery request, or order is served shall not produce the subject information or documents requested in the subpoena, discovery request, or order until after such time as the Court rules on the motion to quash the subpoena or motion for protective order. If an order quashing the subpoena or motion for protective order is obtained, the party upon whom the subpoena, discovery request, or order is served shall comply with the order. If no motion to quash or motion for protective order is filed before the scheduled production date set forth in the subpoena, discovery request, or order, or if the motion to quash the subpoena or motion for protective order is denied, the party upon whom the subpoena, discovery request, or order is served may comply with the same without being deemed to have violated this Order.

17. A Designating Party that inadvertently produces discovery material without designation as "Confidential" or "Confidential – Attorney's Eyes Only" may retroactively so designate the Discovery Material notifying the Receiving Party. Notification shall be in writing to the Receiving Party, identifying the Discovery Material by Bates-number(s) and date of production and by sending replacement documents with the appropriate designation to a Receiving Party. Notification shall be provided reasonably promptly after the Designating Party first realizes that the Discovery Material was produced without a designation. The Discovery Material designated through the notification procedure set forth immediately above shall be deemed "Confidential" or "Confidential – Attorney's Eyes Only" retroactively to the date of production. If, in the interim between production and notification, the subject materials have been provided to persons other than those identified in Paragraphs 8 and 9 above, the Receiving Party shall reasonably promptly notify the Designating

Party as to which materials have been disclosed, and comply with the provisions for inadvertent disclosure as set forth below.

18. In the event of inadvertent disclosure of Confidential Discovery Material to a person that is not identified in Paragraphs 8 and 9 above, the party that inadvertently discloses such information or that is in a position to prevent, address or otherwise remedy the inadvertent disclosure, shall promptly take all practical steps to retrieve the Confidential Discovery Material and prevent its further disclosure. The party that inadvertently disclosed such information shall also promptly notify the party who designated the Confidential Discovery Material of the inadvertent disclosure and the steps being taken to rectify the disclosure.

19. A party's inadvertent production of Confidential Discovery Material in this action for another party's inspection or copying shall not in itself be deemed to waive any claim of attorney-client communication privilege or attorney work-product protection that might exist with respect to such Confidential Discovery Material or other documents or communications, written or oral, including, without limitation, other communications referred to in the Confidential Discovery Materials produced. Furthermore, a party's production shall not be deemed a waiver of any party's right to object for any reason to the admission of any document or thing into evidence, nor shall the production be deemed an admission of its admissibility. Nothing in this paragraph shall prejudice the right of any party to seek discovery of communications, documents and things as to which a claim of attorney-client communication privilege or attorney work-product has been made. Upon the producing party's discovery of the inadvertent protection of privileged Confidential Discovery Material, the producing party shall promptly notify all parties that have received such Confidential Discovery Material. Upon notification, the receiving parties shall either promptly return, sequester, or destroy the specified information and any copies it has of the privileged Confidential Discovery Material, at the producing party's direction. The

1 producing party shall identify the inadvertently produced information on a privilege log.

20. Nothing contained in this Order shall affect the right, if any, of any party or non-party to make any other type of objection, claim, or other response to interrogatories, to requests for production of documents or subpoenas, or to any questions at a deposition. Nor shall this Order be construed as a waiver by any party or non-party of any legally cognizable privilege or objection to withhold any document or information, or of any right which any party or non-party may have to assert such privilege or objection at any stage of the proceedings.

21. Within ninety (90) days after the final adjudication or settlement of all claims in this action, counsel for the parties either shall return all Confidential Discovery Material produced, if so requested by the producing party, or shall destroy all such documents except that counsel may retain, subject to the terms of this Order, a file copy of all papers, including testimony transcripts, filed or served in this action. All copies of documents, and all information and notes derived from them, excluding attorney work product, shall be destroyed. For all Confidential Discovery Material retained by counsel, the terms of this Order shall be considered continuing in nature.

22. Nothing herein shall be deemed to restrict the disclosure by any party of its own documents or materials to its own employees and agents whether or not marked confidential.

23. Upon a showing of good cause, nothing herein shall affect the right of any party to seek additional protection from the Court against the disclosure of any documents or materials or to seek any amendment of the terms hereof or to strike the "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation of any materials produced herein. Any such request for additional protection from the Court must comply with the requirements of Central District Local Rules 37-1 and 37-2.

24. This Order may only be modified in writing by the parties and approved by an order of the Court, or by motion to the Court. Any party may apply to this Court at any time, upon proper notice, for a modification of this Order with respect to the handling or designation of any document(s) or for any other purpose. Any such application to the Court must strictly comply with the requirements of Central District Local Rule 37-1 and 37-2.

25. Applications to the Court to enforce this agreement, modify this Order or in any way related to this Order may be made to any federal court with concurrent subject matter jurisdiction over the claims raised in this action, including specifically: the federal court which enters this Order; any federal court to which this case may be transferred; and any court issuing a subpoena or otherwise having concurrent subject matter jurisdiction over discovery proceedings.

## GOOD CAUSE STATEMENT

26. In the course of conducting discovery of each other's claims and defenses in this action, the parties have requested of each other the production of discovery material which one or both of the parties contend sets forth or contains competitively sensitive business information or trade secrets entitled to protection as defined in Paragraphs 1, 2 and 3 above. Accordingly, the parties seek to designate such information as "Confidential Discovery Material" pursuant to this Order. Public disclosure of this Confidential Discovery Material could harm the parties' business and financial affairs. Therefore, due to the sensitive and proprietary nature of the Confidential Discovery Material and the parties' desire to facilitate the exchange of information relevant to this litigation and to avoid injury to any party or non-party through the disclosure of the Confidential Discovery Material, good cause exists for granting the instant proposed Stipulated Protective Order.

**SO STIPULATED**

STETINA BRUNDA GARRED & BRUCKER

Dated: Oct 5, 2009    By: _____

Bruce B. Brunda
*Attorneys for Defendant/Counterclaimant*
Integrated Medical Systems, Inc.

Dated: 10/1/09    GOLDSTEIN, FAUCETT & PREBEG LLP

By: _____

Edward W. Goldstein
Califf T. Cooper
*Attorneys for Plaintiffs/Counterdefendants*
Melvin Valkner and Luanne Valkner

Case No. CV08-8351 ODW (PLAx)    15
STIPULATED PROTECTIVE ORDER

## EXHIBIT A

Confidentiality Agreement for Others

I, _____, declare that I have read the Stipulated Protective Order Respecting Confidential Material signed by plaintiff and defendants herein and their respective attorneys and ordered by the Court in this action, that I understand its terms, and that I agree to be bound by all of the requirements and restrictions of said Order.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

_____
Signature

_____
Title

_____
Date