O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8351 ODW (PLAx) | Date | December 16, 2009 |
|---|---|---|---|
| Title | *Melvin Valkner, et al. v. Integrated Medical Systems, Inc.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge |
|---|---|

| Tanya Durant | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):** **Order re Supplemental Briefing and VACATING Hearing on Defendant's Motion for Summary Judgment as to Non-infringement and Invalidity [34] (Filed 10/16/09) and**
**Plaintiffs' Motion for Summary Judgment as to Infringement [38] (Filed 10/16/09)**

On October 16, 2009, the parties filed cross-motions for summary judgment as to their respective claims for patent infringement and non-infringement. Upon the Court's initial review of the briefs, it noticed that the crux of the parties' arguments involve construction of Claim 1 of U.S. Patent No. 5,749,374. Thus, on November 6, 2009, the Court informed the parties that it intended to treat the December 21, 2009 hearing date as a claim construction hearing for Claim 1. It ordered the parties to prepare their arguments accordingly.

Upon review of the briefs, both before and after the Court's November 6 order directing the parties to focus on the construction of Claim 1, the Court is in need of further briefing. To begin, the Court notes that the only terms of Claim 1 that appear to be in dispute are, "portable" and "remote."[1] Nowhere, however, does either party proffer clear, recommended constructions of the disputed terms in Claim 1. To be sure, Plaintiffs do offer a construction that mirrors the patent's specifications. However, they do so in a manner that is structurally improper.

---

[1] The term "integrally mounted in" is no longer in issue. Plaintiffs have abandoned their proffered construction of the phrase "integrally mounted in," offering no alternative construction, (Pl. Opp'n at 4), and Defendant has not set forth–whether prior or subsequent to Plaintiffs' abandonment–any proposed construction of this claim term. As such, the Court deems this claim term to not be in dispute and finds construction unnecessary.

Defendant, on the other hand, offers no proposed constructions at all, arguing instead that the terms of the patent should be limited based on prior art disavowals and amendments made during the patent's prosecution. Thus, the Court is left to ponder whether Defendant actually disputes the terms noted above, or is simply requesting that the Court limit them in a manner that would necessitate a finding of non-infringement and/or invalidity in this case. For that reason, the Court orders re-briefing on the terms, if any, in dispute. Each party shall file opening briefs setting forth the disputed terms and their proposed constructions, along with their evidence in support of the requested construction. To be more specific, by proffering recommended constructions, the Court is referring to charts that specifically identify the term in dispute and the proposed construction of that disputed term. An example of the preferred chart is as follows:

| Disputed Term | Proposed Construction |
| --- | --- |
| (Term) | (proposed construction) |

The Court sets the following schedule:

Opening claim construction briefs from both parties, not to exceed 13 pages, are to be filed and served by close of business on **December 30, 2009.** Reply briefs, not to exceed 10 pages, are to be filed and served by close of business on **January 13, 2010.** A *Markman* hearing is scheduled for **January 26, 2010**, **at 2:00 p.m.** The presently scheduled December 21, 2009 hearing on the parties' cross motions for summary judgment is hereby VACATED and no appearances are necessary. If necessary, the Court will re-visit those motions after its resolution of the disputed claims. All remaining pretrial and trial dates remain unscheduled and will be re-visited up the Court's resolution of the disputed claim terms and the parties' motions for summary judgment, if necessary.

**SO ORDERED.**

|  | ---- | : | 00 |
| --- | --- | --- | --- |
| Initials of Preparer | TMD | | |